**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**-----------------------------------------------------------------X**

**STEPHEN GANNON, individually and on behalf of all others similarly situated,**
**Plaintiff,**

**CIVIL ACTION NO: 1:22-cv-01134 (ER)**

**-against-**

**31 ESSEX STREET, LLC., PARTY BUS BAKESHOP, LLC, et al.,**

**Defendants.**

**-----------------------------------------------------------------X**

# MEMORANDUM OF LAW IN SUPPORT OF MOTION

**MORTON S. MINSLEY, ESQ.**
**Attorney for Defendant 31 ESSEX STREET, LLC**
**101 Lafayette Street, 10th Floor**
**New York, New York 10013**
**Phone: (212) 346-0849**
**E-Mail: Minsleylaw@me.com**

**TABLE OF CONTENTS**


| | Pages |
|---|---|
| ***1) PRELIMINARY STATEMENT*** | ***1*** |
| ***2) STATEMENT OF FACTS*** | ***2*** |
| ***3) ARGUMENT:*** | ***2*** |
| ***A) POINT I – PLAINTIFF FAILS TO ADEQUATELY PLEAD THE NECESSARY ELEMENTS TO ESTABLISH STANDING TO ASSERT THE PRESENT ADA CLAIM AGAINST THESE DEFENDANTS:*** | ***2*** |
| ***(i) LEGAL STANDARD FOR ADA STANDING:*** | *2* |
| ***(ii) THE ADA SHOULD BE A MEANS TO ADDRESS DISABILITY ACCESS AND NOT A MEANS TO EXTORT MONETARY SETTLEMENTS:*** | *3* |
| ***(iii) PLAINTIFF'S PLEADINGS FAIL TO MEET THE LEGAL STANDARD TO ESTABLISH STANDING UNDER THE ADA:*** | ***6*** |
| ***4) CONCLUSION:*** | ***9*** |

# TABLE OF AUTHORITIES

## CASES:


| | Pages |
|---|---|
| ***Adecco USA Inc. v. Staffworks, Inc.,*** 2021 U.S. Dist. LEXIS 11745 (NDNY 2021) | 2, 3, 6 |
| ***Allison v. Am. Mgmt. Invs., LLC***, 2016 U.S. Dist. LEXIS 119453, *2 (Dist of Nevada, 2019). | 7 |
| ***American Bus. Ass'n v. Slater***, 231 F.3d 1, 5, 343 (D.C. Cir. 2000) | 5 |
| ***Ashcroft v. Iqbal*** 566 US 662 (2009) | 1, 7, 8 |
| ***Bell Atlantic v. Twombly,*** 550 US 544 (2007) | 1, 7, 8 |
| ***Costello v. Flatman, LLC,*** 2013 US Dist. LEXIS 45860 (EDNY 2013), denial of attorneys fees reversed, 558 Fed Appx. 59, 2014 US App. LEXIS 4464 (2ND Cir, 2014) | 4 |
| ***Kreisler v. Second Ave. Diner Corp***., 731 F.3d 184, 187-88 (2d Cir. 2013) | 3 |
| ***Lopez v. Arby's Franchisor LLC***, 2021 US Dist. LEXIS 43838 (SDNY, J. V. Lopez, 2021) | 3 |
| ***Perdum v. Forest City Ratner Cos***., 677 Fed Appx. 2, 2017 US App. LEXIS 2219 (2ND Cir. 2017). | 2 |
| ***Shomo v. NY Department of Correction***, 2022 U.S. District LEXIS 81037 81037 (SDNY 2022, J. Halpern) | 7 |
| ***Small v. General Nutrition Cos***., 388 F. Supp. 2d 83, 2005 US Dist. LEXIS 4820 (EDNY, J. Ross 2005) | 3 |

**STATUTES AND RULES:**


| | |
|---|---|
| **28 USC § 1367** | 8 |
| **42 USC § 12188** | 1, 2, 5 |
| **42 USC § 2000a-3** | 2, 5 |
| **FRCP RULE 12 (b) (6)** | 1 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendant 31 Essex Street LLC. ('Defendant'), by its attorney, MORTON S. MINSLEY, ESQ., respectfully submits this Memorandum of Law in support of its motion for dismissal of the complaint in this action pursuant to FRCP Rule 12 (b) (6), for failure to state a claim upon which relief can be granted.

It is respectfully submitted that Defendant's motion should be granted for the following reasons.

***1) PRELIMINARY STATEMENT:***

Plaintiff Stephen Gannon ("Plaintiff"), by his attorney Adam Douglas Ford, Esq., is a serial filer of actions under the Americans With Disabilities Act (42 USC § 12188, et. seq.), having filed 26 cases in the Southern District of New York since January 14, 2022, including the three cases before the Court on this motion (See Defendants' ***Exhibit A*** hereto). Defendant moves herein, pursuant to FRCP Rule 12 (b) (6), to dismiss the complaint herein for failure to state a claim upon which relief can be granted. Plaintiff's complaint should be dismissed because it asserts only summary and conclusory allegations to allege an 'injury in fact' under the Americans with Disabilities Act (42 USC § 12188. Et. seq. – hereinafter the 'ADA'), and fails to meet the pleading standards of ***Bell Atlantic v. Twombly,*** 550 US 544 (2007), and ***Ashcroft v. Iqbal*** 566 US 662 (2009) to establish the elements of a private claim for relief under the ADA. As a result, Plaintiff's complaint herein must be dismissed for failure to state a claim upon which relief may be granted.

***2) STATEMENT OF FACTS:***

The facts of this matter are set forth in the Declaration of Defendant's counsel, Morton S. Minsley, Esq., submitted herewith, and the pleadings and exhibits attached thereto, to which the Court is respectfully referred.

***3) ARGUMENT:***

***A. POINT I – PLAINTIFF FAILS TO ADEQUATELY PLEAD THE NECESSARY ELEMENTS TO ESTABLISH STANDING TO ASSERT THE PRESENT ADA CLAIM AGAINST THESE DEFENDANTS:***

***i. LEGAL STANDARD FOR ADA STANDING:***

The right to bring a private civil action to enforce the provisions of the ADA derives from 42 USC § 12188, which provides 'the remedies and procedures set forth in § 204 (a) of the Civil Rights Act of 1964 (42 USC 2000a-3(a)..to any person who is being subjected to discrimination on the basis of disability .. or who has reasonable grounds for believing that such person is about to be subjected to discrimination [on the basis of disability]. 42 USCS § 12188.[1]

To bring a private Civil action under the ADA, a person must establish standing. To establish standing under the ADA, "a plaintiff must show.. 'an injury in fact'.. that is both 'concrete and particularized' and 'actual and imminent'. ***Perdum v. Forest City Ratner Cos***., 677 Fed Appx. 2, 2017 US App. LEXIS 2219 (2ND Cir. 2017).

Under Title III of the ADA , an injury in fact is only established "where (1) the plaintiff allege[s] past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past

1 The Civil Rights Act of 1964, 42 USC § 2000a-3, grants an aggrieved person the right to file a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order. 42 USCS § 2000a-3.

frequency of plaintiff's visits and the proximity of defendants' restaurants to plaintiff's home, that plaintiff intended to return to the subject location." ***Lopez v. Arby's Franchisor LLC***, 2021 US Dist. LEXIS 43838 (SDNY, J. V. Lopez, 2021), citing ***Kreisler v. Second Ave. Diner Corp***., 731 F.3d 184, 187-88 (2d Cir. 2013) .

Generally, there is no jurisdiction over 'generalized grievances' shared by all or a large class of citizens… a plaintiff must assert is own legal rights and cannot rest his claim to relief on the legal rights of third parties. Merely living in close proximity to a challenged public accommodation is insufficient to establish standing. While proximity is relevant in considering an alleged intent to return to the facility, the Plaintiff must demonstrate that he or she has visited the facility and or is likely to visit in the near future. ***Small v. General Nutrition Cos***., 388 F. Supp. 2d 83, 2005 US Dist. LEXIS 4820 (EDNY, J. Ross 2005).

These elements of what constitutes an injury in fact under the ADA are pled in the present case only in the most conclusory of fashion. (See Plaintiff's complaint, ¶ 54). Plaintiff's complaint in the present action fails to meet the required standard, and thus fails to adequately plead facts to establish standing to bring the ADA action herein. Therefore, Plaintiff's ADA actions herein must be dismissed pursuant to FRCP 12 (b) (5).

***ii. THE ADA SHOULD BE A MEANS TO ADDRESS DISABILITY ACCESS AND NOT A MEANS TO EXTORT MONETARY SETTLEMENTS:***

Allowing a Plaintiff to bring multiple actions in a serial manner without alleging particular facts to establish an injury in fact is contrary to the intent and purposes of the ADA.

It is well known that since its' enactment, the ADA has been utilized by so called 'serial filers' not to remedy real 'injuries in fact' – i.e. barriers to disability suffered by real patrons of various establishments, but as a means to enrich serial filers by extorting monetary settlements

from defendants without any real benefit or relief to handicapped individuals in terms of handicapped accessibility.

This practice was recognized by US District Judge Sterling Johnson, in the action ***Costello v. Flatman, LLC,*** 2013 US Dist. LEXIS 45860 (EDNY 2013), denial of attorneys fees reversed, 558 Fed Appx. 59, 2014 US App. LEXIS 4464 (2ND Cir, 2014), where Judge Johnson described:

> The ADA is a testament to this country's effort to protect some of its most vulnerable citizens. It is one of the most significant federal statutes that was born out of this nation's Civil Rights movement and was enacted to ensure that disabled individuals have equal and safe access to the same benefits [*22] and accommodations as every other American. However, a troubling reality is that cases like the one presently before the Court have the effect of being less about ensuring access for those with disabilities and more about lining counsel's pockets.
>
> The scheme is simple: [a] law firm sends a disabled individual to as many businesses as possible, in order to have him aggressively seek out any and all violations of the ADA. Then, rather than simply informing a business of the violations and attempting to remedy the matter through conciliation and [*23] voluntary compliance, a lawsuit is filed, requesting damage awards that would put many of the targeted establishments out of business. Faced with the specter of costly litigation and a potentially fatal judgment against them, most businesses quickly settle the matter. ***Costello,*** 2013 US Dist. LEXIS at 20.[2]

This cannot be the result Congress intended to accomplish by the enactment of the ADA.

As recognized by Judge Johnson in ***Costello***, the ADA was not intended to provide a means for private plaintiffs to obtain monetary damages. As described in ***Costello***,

---

2 Counsel for Defendants has now defended over a dozen of these ADA lawsuits in the SDNY against small businesses and property owners over the past 5 years. It is counsel's experience that most of these cases settle for a monetary settlement early in the litigation, as the cost of settlement is usually less than the cost of litigation, deterring small property owners and businesses from actually litigating in defense of these claims, even if their defenses are meritorious. Once Plaintiffs are permitted to get past the pleading stage, the cost of defending the cases – interrogatories, document demands, depositions, the hiring and examining of experts, becomes generally prohibitive for most ADA defendants.

> To enforce Title III, the ADA contains both a private right of action, 42 U.S.C. § 12188(a), and a right of action for the Attorney General, 42 U.S.C. § 12188(b) . While the Attorney General may seek monetary damages on behalf of an aggrieved party, 42 U.S.C. § 12188(b)(2)(B) , [*10] the only remedies available under the private right of action are injunctive relief and the recovery of attorneys' fees and costs. 42 U.S.C. §12188(a)(1) ; 42 U.S.C. § 2000a-3(a) . By providing different remedies for public and private enforcement, Congress clearly demonstrated its intent to prevent private plaintiffs from recovering money damages under the ADA. ***American Bus. Ass'n v. Slater***, 231 F.3d 1, 5, 343 U.S. App. D.C. 367 (D.C. Cir. 2000) ("By specifying the circumstances under which monetary relief will be available, Congress evinced its intent that damages would be available in no others.").

Thus, in the present case, Plaintiff is entitled under the ADA only to injunctive relief to cure an injury in fact suffered by a disabled plaintiff – and not to bring scores of cases without personally suffering injury in order to extort or extract monetary settlements.

Requiring Plaintiff to plead and prove the actual elements of an injury in fact will uphold the purposes of the ADA. In order to plead a claim under the ADA, Plaintiff should be required to plead facts establishing that he is an actual customers of an establishment who actually suffered an injury in fact because the conditions on the premises denied him accessibility. In particular, in a case like the present where a small business owner and a property ownes have attempted to provide accommodations for disabled patrons, Plaintiffs should be required to plead facts setting forth his actual efforts to avail himself of access to the premises, such as how and when Plaintiff attempted to gain access and what happened when he did.[3]

---

[3] Allowing Plaintiffs to plead 'an injury in fact' in conclusory terms allows 'serial filers' to extort financial settlements from small businesses and small property owners. Thus if a Plaintiff sues 26 establishments – none of which he or she has ever really patronized or intended to patronize, and settles each case for a monetary settlement of $10,000 – a cost to Defendants well below the reasonable cost of litigation – Plaintiff and Plaintiffs' counsel can recover $260,000 – or more if the price of being left alone is higher than $10,000, which in many cases it may be – so Plaintiff and Plaintiffs' counsel then move on to find their next targets, making a cottage industry of the ADA without ever contributing to increased handicapped accessibility,

### *iii. PLAINTIFF'S PLEADINGS FAIL TO MEET THE LEGAL STANDARD NECESSARY TO ESTABLISH STANDING UNDER THE ADA:*

In the present matter, Plaintiff's pleading does not allege any particular facts sufficient to establish standing to sue under the ADA. As stated above, Plaintiff's pleading allege only in conclusory language, that Plaintiff has suffered "an injury in fact" giving rise to standing to assert a civil action under the ADA. (See Complaint, , ***Exhibit B***, ¶ 54, ). No facts are alleged to establish that Plaintiff has ever patronized or sought to patronize the Party Bus Bakeshop, nor does Plaintiff set forth the dates and times of any such patronage, and how he was unable to access the store or premises on those occasions, and how he would be unable to access those premises in the future. No allegations are set forth that Plaintiff sought access to the premises using the buzzer and portable ramp, and how in fact this accommodation proved inadequate. Given the accommodations that the Bake Shop has installed – a portable ramps and signage in the case of Party Bus Bake Shop, it should be required that Plaintiff at least attempt to visit the location and attempt to obtain access before commencing suit. (See photos, Defendant's ***Exhibit F***). [4]

Plaintiff's complaint only alleges standing in the most summary and conclusory fashion – or 'threadbare recitals', claiming that he suffered an injury in fact without setting forth any facts to support this conclusory statement.

Although on a motion to dismiss pursuant to FRCP Rule 12 (b) (6), a court must accept the factual allegations of the complaint as true, to survive a motion to dismiss, a complaint must

---

without ever actually having been denied access to any premises due to disability, except in the most hypothetical of manner.

4 If Defendants' ramp and buzzer system provide reasonable access, there is no basis for injunctive relief in the present action.

contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face'…the presumption of truth, however, 'is inapplicable to legal conclusions' and 'threadbare recitals' of the elements of a cause of action, supported by mere conclusory statements, do not suffice'. ***Shomo v. NY Department of Correction***, 2022 U.S. District LEXIS 81037 (SDNY 2022, J. Halpern), citing ***Ashcroft v. Iqbal***, 556 US 662, 678 (2009), and Bell ***Atlantic v. Twombly*** 550 US 544, 570 (2007).

Application of the ***Iqbal/Twombly*** pleading standards in the ADA context is demonstrated by a case out of the District of Nevada, ***Allison v. Am. Mgmt. Invs., LLC***, 2016 U.S. Dist. LEXIS 119453, *2 (Dist of Nevada, 2019). In that case, an ADA complaint was dismissed because:

> Allison's complaint does not plausibly allege [*5] that he has actual knowledge of the noncompliant barriers, intends to return to the facility in the future, and is deterred from patronizing the facility in the future. Plaintiff nakedly alleges that he "intends to visit the Facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this Facility, but will be unable to do so because of Plaintiff's disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the property. ..." ECF No. 2 at ¶ 15. He does not allege the type of business that occurs at the "facility," his past patronage of the facility, the facility's proximity to his residence or place of business, or why he would intend to visit it again. Allison's allegations are merely "threadbare recitals" of the elements of an ADA claim, which are insufficient to plausibly show standing under the ADA. (citing ***Iqbal,*** 556 U.S. at 663)

The ***Iqbal*** and ***Twombly*** line of cases establish an important principle particularly applicable to actions filed under the ADA. Conclusory allegations in a pleading without specific facts are not entitled to a presumption of truth on a Rule 12(b)(6) motion, and cannot satisfy Plaintiff's burden to make out all the elements of a claim for relief. Where a Plaintiff is allowed to proceed with an action based solely upon allegations expressing threadbare legal conclusions, a Plaintiff will always be free to draft a boilerplate complaint stating without facts the bare legal elements of a claim for relief, forcing Defendants to litigate cases even in the absence of real

facts to support a meritorious claim. In the ADA context, this takes a real toll on the small property owners and small businesses targeted by many ADA serial filers and their attorneys – such as the Defendants in the present litigation, who usually lack the resources to litigate through discovery, expert disclosure and trial.

As noted herein, this unfair situation, in which small property owners and their tenants are targeted for ADA lawsuits, acts not to secure handicapped access for people with disabilities, but solely generates monetary settlements for the attorneys and plaintiffs who file these cases, frequently resulting in no increase in handicapped access whatsoever. This cannot be the result Congress intended to accomplish by the enactment of the ADA.

Strictly applying the ***Iqbal*** and ***Twombly*** pleading rules to ADA litigation will at least limit ADA lawsuits to real plaintiffs who suffer real injuries by being denied access to businesses and accommodations that they actually use or intend to use or frequent.[5]

In the present case, therefore, since Plaintiff's threadbare complaint fails to allege facts sufficient to make out standing to sue under the ADA, Defendants' motion to dismiss the complaints herein should be granted pursuant to FRCP 12 (b) (6).

---

[5] Upon dismissal of the Plaintiff's ADA claims, the Court should decline to exercise supplemental jurisdiction under 28 USC § 1367 over Plaintiff's State Law Claims.

***4) CONCLUSION:***

For the foregoing reasons, it is respectfully requested that Defendant's motion be granted in all respects.

Yours, etc.

MORTON S. MINSLEY, ESQ.
Attorney for Defendant 31 ESSEX STREET, LLC. 101 Lafayette Street, 10th Floor
New York, New York 10013
Phone: (212) 346-0849
E-Mail Minsleylaw@me.com

by: ______________________________
MORTON S. MINSLEY (MSM- 7478)

.