**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

STEPHEN GANNON, individually and on                   CIVIL ACTION NO: 1:22-cv-01134 (ER)
behalf of all others similarly situated,
                         **Plaintiff,**


               -against-


**31 ESSEX STREET, LLC., PARTY BUS**
**BAKESHOP, LLC, et al.,**

                    **Defendants.**

------------------------------------------------------------------X



### REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION



**MORTON S. MINSLEY, ESQ.**
**Attorney for Defendant 31 ESSEX STREET, LLC**
**101 Lafayette Street, 10th Floor**
**New York, New York 10013**
**Phone:  (212) 346-0849**
**E-Mail: Minsleylaw@me.com**

# TABLE OF CONTENTS

**Pages**

*1) PRELIMINARY STATEMENT*                    *1*

*2)  ARGUMENT:*                               *1*

*A.        POINT I – <u>RECENT DEVELOPMENTS AND*
*          CASE LAW HAVE CHANGED THE*
*          REQUIREMENTS FOR STARNDING*
*          IN PRIVATE ACTIONS FILED UNDER*
*          THE AMERICANS WITH DISABLITIES ACT:</u>*     *1*


*3)  CONCLUSION:*                             *4*

# TABLE OF AUTHORITIES

## CASES:

**Pages**

***Dunston v. Spice of India, Inc., et. Al., 2022, US Dist. Lexis 65080***                2
 ***(EDNY, February, 2022).***

***Spokeo, Inc. v. Robins***, 578 US 330, 341 (2016).                3

***Transunion LLC. V. Ramirez*** 141 S. Ct. 2190 (2021).                2

***Whitaker v. Salah***, US District Court, Northern District of California,
Case No. 4:21-cv. 09548 (June 27, 2022                1, 4

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendant 31 Essex Street LLC. ('Defendant'), by its attorney, MORTON S. MINSLEY, ESQ., respectfully submits this Reply Memorandum of Law in support of its  motion  for dismissal of the complaint in this action pursuant to FRCP Rule 12 (b) (6), for failure to state a claim upon which relief can be granted.

1) **_PRELIMINARY STATEMENT:_**

Defendant submits this reply memorandum of law, pursuant to the scheduling order of this Court, in response to the memorandum of law submitted by Plaintiff's counsel on July 8, 2022

2) **_ARGUMENT:_**

B.      **_POINT I – RECENT DEVELOPMENTS AND CASE LAW HAVE CHANGED THE REQUIREMENTS FOR STARNDING IN PRIVATE ACTIONS FILED UNDER THE AMERICANS WITH DISABLITIES ACT:_**

Plaintiff's arguments that Plaintiff has sufficiently pled standing to maintain the current ADA action are based on case law and legal principles that have recently come under scrutiny by the United States Supreme Court, and as recently interpreted by at least one United States District Court in the context of the Americans With Disabilities Act Civil Actions, to "change the legal landscape" for filing and maintaining civil actions under the ADA.  **_Whitaker v. Salah_**, US District Court, Northern District of California, Case No. 4:21-cv. 09548 (June 27, 2022 – See copy attached as Appendix A, hereto).

Plaintiff herein argues that, to have standing, a plaintiff need not even encounter the barriers to accessibility in the subject premises.  According to Plaintiff's counsel, "the ADA

protects a person who is being subjected to discrimination on the basis of disability OR who has reasonable grounds for believing that such person is about to be subjected to discrimination.   In other words, an ADA plaintiff, according to Plaintiff's counsel, need not actually have suffered discrimination, but need only have a reasonable belief that they will be discriminated against in the future. (Ford MOL, p. 5 of 12).

See, e.g., In ADA cases, 'A broad view of constitutional standing is appropriate because private enforcement suits are the primary method of obtaining compliance with the Act." ***Dunston v. Spice of India, Inc.***, et. Al., 2022, US Dist. Lexis 65080 (EDNY, February, 2022).

However, this previous expansive view of ADA subject matter jurisdiction, is challenged and is cast in doubt by the decision of the United States Supreme Court in ***Transunion LLC. V. Ramirez*** 141 S. Ct. 2190 (2021).   In Transunion, the Court held that mere violation by a defendant of a statutory standard – in that case the Fair Credit Reporting Act – did not give rise to standing to sue for a violation, unless the Plaintiffs themselves could demonstrate actual injury suffered by the violation.   Id., 141 S. Ct. at 2200 – 2204.

In ***Transunion***, Plaintiffs were individuals who had had erroneous information inserted in their credit reports.    However, only some of these individuals had had this erroneous information disseminated to third parties.   According to the Court, only the members of the class who erroneous reports had actually been disseminated had standing to sue – the mere potential that the information might have been disseminated or might be disseminated in the future did not give rise to standing to sue.   (Id).

The language of ***Transunion*** is expansive.   "To have Article III standing  to sue in Federal Court, Plaintiff's must demonstrate, among other things, that they suffered a concrete harm – No concrete harm, no standing".   (Id. At 2200).  Plaintiffs who could potentially or in the

future might have been harmed by erroneous information in their files, had no standing to sue. (Id.).  A plaintiff must suffer "an injury in fact".. "real not abstract".  To be concrete, the Court must assess whether the the alleged injury has relationship to a harm 'traditionally recognized as providing a basis for a lawsuit in American Courts (Citiations omitted).

Merely because the Congress enacts a prohibition, and a defendant violates such prohibition, is not sufficient to give rise to individual standing to sue.   But even though Congress elevates harms that were not previously actionable – such as discriminatory treatment – as a basis for legal action, it does not grant standing simply because the Congress creates a statutory right and grants a person authority to sue to vindicate that right. .. Article III [of the Constitution] requires a concrete injury even in the context of a statutory violation.  Id, at 2205, citing **_Spokeo, Inc. v. Robins_**, 578 US 330, 341 (2016).

In **_Whitaker_**, in a decision that just was handed down on June 27, US District Judge Gonzales Rogers of the Northern District of California, applied the reasoning of Transunion to actions filed and standing to bring a private civil action under the Americans with Disabilities Act.  Judge Gonzales Rogers held that the Transunion decision changed the legal landscape with respect to ADA standing.  No longer would it be sufficient for the Court to take a 'broad view' of standing to file ADA actions.  Instead, pleading an ADA violation, particularly in the case of serial ADA filers, would need to satisfy the Ashcroft v. Iqbal 556 US 662 (2009) and 550 US 533 (2007) standards – formulaic and conclusory allegations that a plaintiff suffered an 'injury in fact' would no longer suffice – a Plaintiff need to provide "factual enhancements" in their pleading.  Examples given by Whitaker, are "the plaintiff visited the store on ten to twenty prior occasions', it was near his favorite restaurant in the city and he planned to take annual trips to the City", or that the 'Plaintiff preferred Defendant's market chain over others'.  (Whitaker, at p. 2).

3

This is important in a case where Plaintiff herein seems to have trolled the lower East Side, simply going from store to store trying to identify locations which arguable might have impaired accessibility without actually having shopped or patronized these locations.  Such a Plaintiff cannot be deemed to have suffered  'concrete injury' or have suffered actual discrimination to give rise to standing under the ADA.

In the present case, Plaintiff merely pleads in conclusory fashion that he has suffered an 'injury in fact' because of the alleged existence of barriers to accessibility in the subject premises, without any factual enhancements detailing how he has suffered discriminatory treatment at the premises.  (See complaint,¶  54).  Plaintiff's consclusory pleading is grossly inadequate, and must be dismissed.

3)  **_CONCLUSION:_**

For the foregoing reasons, it is respectfully requested that  Defendant's motion be granted in all respects.

Yours, etc.

MORTON S. MINSLEY, ESQ.
Attorney for Defendant 31 ESSEX STREET, LLC. 101 Lafayette Street, 10th Floor
New York, New York 10013
Phone:  (212) 346-0849
E-Mail     Minsleylaw@me.com

by:

_____
MORTON S. MINSLEY (MSM- 7478)

.

4

## **APPENDIX A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**BRIAN WHITAKER,**

        Plaintiff,

    v.

**SALAH R. SALAH,**

        Defendant.

Case No. 4:21-cv-09548-YGR

**ORDER GRANTING MOTION TO DISMISS;
DISMISSING UNRUH ACT CLAIM**

Re: Dkt. No. 14

Plaintiff Brian Whitaker has sued for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA") and California's Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* (the "Unruh Act"). Before the Court is defendant Salah R. Salah's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of Article III standing. (Dkt. No. 14.) Salah is the alleged owner of Déjà Vu Juice Bar. On June 16, 2022, the Court held an extensive hearing on the pending motion and discussed the factual and legal underpinnings of ADA cases brought by plaintiff and the Potter Handy law firm throughout this District. The Court assumes the parties' familiarity with the extensive discussion demonstrated by the transcript of those proceedings.[1] Having carefully reviewed the record, the pleadings, the papers submitted, and for the reasons set forth more fully below, the Court **HEREBY ORDERS** that: (1) the motion to dismiss the ADA claim for lack of standing is **GRANTED WITH LEAVE TO AMEND**; and (2) exceptional circumstances justify declining supplemental jurisdiction over the Unruh Act claim.

## DISCUSSION

The Court assumes the parties' familiarity with the allegations of the complaint, as well as the relevant standards for a motion to dismiss pursuant to Federal Rule of Civil Procedure

---

[1] As noted at the hearing, the Court scheduled several ADA cases brought by the Potter Handy law firm on the same day. Each case has been evaluated on its own merits. In the interest of judicial economy, the Court determined that it was appropriate to hear the matters on the same day given the substantial overlap in issues and counsel.

1    12(b)(1), which is not in serious dispute.

2          Whitaker "lacks standing if he is indifferent to returning to the store or if his alleged intent

3    to return is not genuine, or if the barriers he seeks to enjoin do not pose a real and immediate

4    threat to him due to his particular disability." *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d

5    939, 953 (9th Cir. 2011) (en banc).  At the hearing held on June 16, 2022, there was no dispute

6    that Whitaker had previously admitted to having no plan to support his return to the thousands of

7    establishments that he has sued to date.  Counsel conceded that Whitaker's plan was previously

8    insufficient.  Counsel also represented that Whitaker has since devised a plan to return to the

9    establishments that he has sued in order to support his claim to Article III standing.  Accordingly,

10   based upon the representations of counsel, combined with the conceded deficiencies of Whitaker's

11   intent to return, the motion to dismiss is **GRANTED WITH LEAVE TO AMEND**.

12         As further discussed at the hearing, *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021)

13   has changed the legal landscape for standing for statutory violations.  Prior case law invoked by

14   the plaintiff is based upon the notion that courts take a "broad view" of standing in civil rights

15   complaints enforcing statutory violations.  *Chapman*, 631 F.3d at 954; *Trafficante v. Metro. Life

16   Ins. Co.*, 409 U.S. 205, 209 (1972).  *TransUnion*, which roots the standing analysis in separation

17   of powers, casts doubt on the proposition that any special pleading requirement applies to civil

18   rights cases premised upon statutory violations.  Instead, pleading is appropriately governed by the

19   plausibility standard where formulaic recitations of jurisdictional allegations are insufficient.  *See,

20   e.g.*, *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) (applying

21   plausibility standard to subject matter jurisdiction); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell

22   Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

23         Thus, in amending, plaintiff must plausibly provide factual enhancements to support his

24   intent to return.  Conclusory allegations are insufficient.  Existing case law is instructive for what

25   plaintiff may be able to add.  For instance, in *Doran v. 7-Eleven, Inc*., the plaintiff visited the store

26   on "ten to twenty prior occasions," it was near his favorite restaurant in the city, and he planned to

27   take annual trips to the city.  524 F.3d 1034, 1040 (9th Cir. 2008).  In *Pickern v. Holiday Quality

28   Foods Inc.*, the plaintiff preferred the defendant's market chain over others.  293 F.3d 1133, 1138

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    (9th Cir. 2002). Such factual allegations are in plaintiff's possession and control and may tip the

2    scale from conceivable to plausible for purposes of the standing inquiry.

3           Finally, on May 17, 2022, the Court issued an order to show cause as to why it should

4    exercise supplemental jurisdiction over plaintiff's Unruh Act claim. A federal court may decline

5    to exercise supplemental jurisdiction over a state law claim "in exceptional circumstances." 28

6    U.S.C. § 1367(c)(4). Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's

7    right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). When a "high-

8    frequency" litigant such as plaintiff asserts an Unruh Act claim in federal court with an ADA

9    claim, this constitutes an exceptional circumstance that justifies dismissal of the Unruh Act claim.

10   *See Arroyo v. Rosas*, 19 F.4th 1202, 1211-14 (9th Cir. 2021); *Garcia v. Maciel*, No. 21-cv-03743-

11   JC, 2022 WL 395316 (N.D. Cal. Feb. 9, 2022). This issue was discussed extensively on the

12   record at the hearing, including the weighing of various policy considerations and the confirmation

13   that plaintiff views the filing of these lawsuits as a mission-based business.[2] Having balanced the

14   interests in federal-state comity at the early juncture of this litigation, the Court finds that

15   exceptional circumstances exist that justify declining jurisdiction over the Unruh Act claim.[3]

16   Therefore, the Unruh Act claim is **DISMISSED WITHOUT PREJUDICE** to it being refiled in state

17   court.

18                                      **CONCLUSION**

19          For the reasons stated above, the motion to dismiss the ADA claim is **GRANTED WITH**

20   **LEAVE TO AMEND** and the Unruh Act claim is **DISMISSED WITHOUT PREJUDICE** to it being

21   refiled in state court. Having granted the motion to dismiss the ADA claim with leave to amend,

22

23          ———————————————

24          [2] Indeed, the papers suggest that plaintiff has now moved his litigation to the Eastern
     District of California, where more litigation is being brought without a demonstrated intent to
25   return. Under the Unruh Act, plaintiffs are entitled to $4,000 in statutory damages plus attorneys'
     fees. Accordingly, from a business perspective, assuming a base payment of $4,000, the filing of
     100 cases yields $400,000 and 1000 cases yields $4,000,000.

26
27          [3] Both parties had grievances with General Order 56 and how it impacts ADA cases in this
     District. Curiously, despite the bar's grievances, there is scant motion practice seeking relief from
     General Order 56. The General Order has specific provisions that contemplate administrative
28   motions with the Court to be relieved of obligations. Since there is an option to seek relief, many
     of the concerns are not well-taken.

3

the Court **HEREBY ORDERS** the following:

1.    The parties are temporarily relieved of deadlines pursuant to General Order 56 until a resolution of the jurisdictional issues presented in this action.

2.    Plaintiff shall file any amended pleading no later than twenty-one (21) days from the date of this Order.

3.    Defendant has requested jurisdictional discovery to conduct a proper factual attack of the jurisdictional allegations.  Given the substantial allegations raised against plaintiff and his firm concerning a potential fraud on the courts, plaintiff is on notice that plaintiff's amended jurisdictional allegations will be subjected to a factual attack consistent with Ninth Circuit law.  At the time plaintiff amends, plaintiff must concurrently submit a declaration sworn under penalty of perjury that: (1) substantiates the jurisdictional allegations concerning plaintiff's intent to return to the defendant's establishment; and (2) substantiates when and whether plaintiff actually visited the establishment in the first instance.  The declaration must be served upon defendant.  Plaintiff is warned that conclusory declarations devoid of any foundation and factual enhancement are insufficient and that the declaration must provide concrete and particularized factual basis.  Failure to timely comply with these requirements will result in dismissal of this action with prejudice.

4.    If the complaint is amended, counsel for plaintiff shall also file a declaration describing with sufficient detail how they ensured that their client visited the establishment at issue and intends to return.  *See, e.g.*, *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005) (recognizing that the Rule 11 "reasonable inquiry test is meant to assist courts in discovering whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded").  This declaration must be served on defendant concurrently with the filing of the amended pleading.

In addition, plaintiff broadly alleges that he encountered barriers **in November 2021**, without a date specified.  Counsel must submit a chart of all of their client's cases that have been filed in federal and state court across the country that contain allegations that barriers were encountered **in November 2021.**  The chart must specifically identify with as much precision as possible the date those barriers were encountered.  Counsel shall also indicate whether: (1) any of

4

those cases have been dismissed for lack of standing; or (2) whether an evidentiary hearing has been held or is pending on plaintiff's intent to return. The chart shall generally conform to the following:

| Case Name | Date Filed | Date(s) Barrier(s) Encountered | Geographic Location Where Barrier(s) Encountered (City, State) | Dismissed for Standing (Y/N) | Evidentiary Hearing Held or Scheduled (Y/N) |
|---|---|---|---|---|---|
| | | | | | |

5.      Within fourteen days of receiving the amended complaint and declarations, defendant must submit: (1) a responsive pleading; or (2) a request for additional jurisdictional discovery with a concrete plan to complete any discovery within twenty-one (21) days. To the extent defendant requests jurisdictional discovery, the deadline to file a responsive pleading shall be continued until the conclusion of jurisdictional discovery. Any jurisdictional motion must comply with the Court's standing order for summary judgment motions (excluding the pre-filing conference requirement).

6.      Parties are on notice that the Court may set an in-person evidentiary hearing in order to assess the credibility of the jurisdictional allegations.

7.      All parties are reminded of their obligations pursuant to Rules 1 and 11.

This Order terminates Docket Number 14.

**IT IS SO ORDERED.**

Dated: June 27, 2022

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

United States District Court
Northern District of California