UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN GANNON, individually and on behalf of all others similarly situated

                Plaintiff,

– against –

31 ESSEX STREET LLC, PARTY BUS BAKESHOP LLC, JOHN DOE 1-X, persons yet unknown, limited liability companies, partnerships, *and* CORPORATIONS 1-X, entities yet unknown,

                Defendants.

**OPINION & ORDER**

22-cv-1134 (ER)

RAMOS, D.J.:

    Stephen Gannon, who uses a wheelchair for mobility, brings this suit alleging denial of full and equal access to a property owned by 31 Essex Street LLC ("Essex Street") and leased by Party Bus Bakeshop LLC ("Party Bus"), in violation of federal and state law. Doc. 1 ¶¶ 1–2, 7–8.[1] Before the Court is Essex Street's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Doc. 31 at 5.

    For the reasons set forth below, the motion is GRANTED.

## I. BACKGROUND

    Gannon, a resident of New York County, was diagnosed with metatarsal osteomyelitis of the right foot in 2017. Doc. 1 ¶¶ 4, 46. To stop this infection from spreading, his right leg was amputated just below the knee in 2019. *Id.* ¶ 46. Since the amputation, Gannon has used a manually-powered wheelchair. *Id.*

    On February 9, 2022, Gannon, after being unable to gain access to a property owned by Essex Street and leased by Party Bus ("the property"), filed the instant

---

[1] Gannon also names John Doe 1-X and Corporations 1-X as defendants who remain unknown but may share liability. *Id.* ¶ 12.

complaint for violations of the Americans with Disabilities Act, 42 U.S.C. § 12188, et seq. ("ADA"). *Id.* ¶¶ 1–2, 7–9.[2]

The property is a six-story building at 31 Essex Street. *Id.* ¶¶ 7, 48. Party Bus operates a bakeshop out of the property's first floor. Doc. 30 ¶ 8. Gannon alleges that the property violates the ADA because the steps leading into the bakeshop make it inaccessible to individuals who, like himself, use wheelchairs. Doc. 1 ¶¶ 1–2, 51. The entranceway contains a single eight-inch step to the door threshold, followed by a small interior platform. *Id.* ¶¶ 49–50; Doc. 30-6 at 2–3. There are two more eight-inch steps leading into the main floor of the bakeshop where the store counter and seating area is located. Doc. 1 ¶¶ 49–50; Doc. 30-6 at 2–3. There is no permanent ramp that provides access to the bakeshop. Doc. 1 ¶¶ 49, 53. However, at the time the complaint was filed, there was a portable ramp at the property along with signage and a buzzer system to assist handicapped individuals wishing to enter the bakeshop. Doc. 30 ¶ 9; Doc. 30-6 at 4–5.

In his complaint, Gannon claims that he "has experienced difficulty gaining access" to the property and "continues to be discriminated against due to the architectural barriers" created by the entranceway steps. Doc. 1 ¶¶ 54, 56. The steps, according to Gannon, "have effectively denied [him] the ability to visit the property." *Id.* ¶ 57. He asserts that this denial will continue to harm him and other mobility-impaired individuals until the steps are removed. *Id.* ¶ 61. Accordingly, he claims that Essex Street and Party Bus are unlawfully discriminating against him and others similarly situated in violation of the ADA. *Id.* ¶¶ 1–2.

On June 17, 2022, Essex Street filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted and for failure to establish standing

---

[2] Gannon further alleges that the property violates the Americans with Disabilities Act's Accessibility Guidelines ("ADAAG"), 28 CFR Part 36, subpart D, the 2004 ADA Accessibility Guidelines at 36 CFR Part 1191, appendices B and D, the 2010 ADA Standards for Accessible Design ("2010 Standards"), the Building Code of the State of New York, the N.Y. Civil Rights Law § 40, et seq. ("NYSCRL"), the N.Y. Exec. Law § 296, et seq. ("NYSHRL"), and the N.Y.C. Admin. Code § 8-107, et seq. ("NYCHRL"). *Id.* ¶ 2.

under Rule 12(b)(6).³ Doc. 31 at 5. As relevant to the analysis, Gannon and his attorney have filed twenty-six cases, including this one, in the Southern District of New York since January 14, 2022, each similarly alleging ADA violations by properties in this District. Doc. 30-1.

## II.    LEGAL STANDARD

Although Essex Street only moved to dismiss under Rule 12(b)(6), the Court's consideration of a motion to dismiss for lack of standing is properly considered under Rule 12(b)(1). Fed. R. Civ. Pro. 12(b)(1); *see, e.g.*, *Gonzalez v. Inn on the Hudson LLC*, No. 20 Civ. 9196 (ER), 2022 WL 974384 (S.D.N.Y. Mar. 30, 2022) (evaluating the defendant's motion to dismiss for lack of standing under Fed. R. Civ. Pro. 12(b)(1)).

When the issue before the Court involves a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), the Court must consider the Rule 12(b)(1) motion first because "disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction." *Chambers v. Wright*, No. 5 Civ. 9915 (WHP), 2007 WL 4462181, at *2 (S.D.N.Y. Dec. 19, 2007) (internal quotation marks and citation omitted); *see also Baldessarre v. Monroe-Woodbury Cent. Sch. Dist.*, 820 F. Supp. 2d 490, 499 (S.D.N.Y. 2011), *aff'd*, 496 F. App'x 131 (2d Cir. 2012).

Pursuant to Rule 12(b)(1), the Court must dismiss a case for lack of subject matter jurisdiction if the Court "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). The party asserting subject matter jurisdiction bears the burden of establishing that jurisdiction exists by a preponderance of the evidence. *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova*, 201 F.3d at 113). The Court accepts all material factual allegations in the complaint as true, *id.* (quoting *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006)), but it does not presume

---

³ As explained below, a motion to dismiss for failure to establish standing is properly considered under Rule 12(b)(1), not 12(b)(6).

the truthfulness of the complaint's jurisdictional allegations, *Frisone v. Pepsico, Inc.*, 369 F. Supp. 2d 464, 469–70 (S.D.N.Y. 2005) (quoting *Augienello v. Fed. Deposit Ins. Corp.*, 310 F. Supp. 2d 582, 588 (S.D.N.Y. 2004)).  When evaluating a Rule 12(b)(1) motion, the Court may consider evidence outside of the pleadings to resolve the disputed jurisdictional fact issues.  *Zappia Middle E. Constr. Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000); *see also Morrison*, 547 F.3d at 170 (citing *Makarova*, 201 F.3d at 113).  However, the Court should refrain from drawing inferences in favor of the party asserting subject matter jurisdiction on a Rule 12(b)(1) motion.  *People United for Child., Inc.*, 108 F. Supp. 2d at 283 (citing *Atl. Mut. Ins. Co.*, 968 F.2d at 198).

### III.   ANALYSIS

A plaintiff has standing under the ADA where (1) he alleges past injury under the ADA; (2) it is reasonable to infer that the discriminatory treatment would continue; and (3) it is reasonable to infer, based on the past frequency of the plaintiff's visits and the proximity of the defendant's public accommodation to the plaintiff's home, that the plaintiff intends to return to the subject location.  *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013).

Gannon sufficiently establishes the first two requirements.  He satisfies the first requirement—a past injury under the ADA—by asserting that he was denied full and equal access to the property when he was unable to enter the bakeshop as a result of structural barriers.  Doc. 1 ¶¶ 54, 60; Doc. 32 at 9 (showing a picture of Gannon, in his wheelchair, in front of the eight-inch step of the entranceway into Party Bus).  Gannon satisfies the second requirement—a reasonable inference that the discrimination will continue—by plausibly alleging that the property's steps constitute an ADA violation.  Doc. 1 ¶¶ 48–54.  The alleged discrimination will likely continue because Essex Street has indicated that, because of the unusual configuration of the stairs, the installation of a permanent ramp is impractical.  Decl. Supp. Def.'s Mot., ECF Doc. 30 ¶ 9.  However, for

4

the reasons set forth below, Gannon fails to establish the third requirement for ADA standing—a plausible intent to return to the property. Accordingly, Essex Street's motion to dismiss for lack of subject matter jurisdiction is granted.

The third requirement for ADA standing requires a reasonable inference that Gannon intends to return to the property. *Kreisler*, 731 F.3d at 187–88. This is a fact-specific inquiry, *Laufer v. Laxmi & Sons, LLC*, No. 119 Civ. 1501 (BKS), 2020 WL 2200207, at *2 (N.D.N.Y. May 6, 2020), in which Gannon must plausibly allege "a real and immediate threat" of future discrimination against him by Essex Street. *Calcano*, 36 F.4th at 75 (quoting *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1233 (11th Cir. 2021)); *see also Shaywitz v. Am. Bd. of Psychiatry & Neurology*, 675 F. Supp. 2d 376, 382 (S.D.N.Y. 2009). The threat of future injury must not be "merely conjectural or hypothetical." *Id.* at 382. While the Second Circuit has established that "deterrence constitutes an injury under the ADA," *Kreisler*, 731 F.3d at 188, Gannon still must establish a "material risk of future harm" that is "sufficiently imminent and substantial." *Calcano*, 36 F.4th at 72 (quoting *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210 (2021)). Conclusory allegations that Gannon lives near and intends to return to the property are not sufficient to satisfy the third requirement of ADA standing. *Id.*

The Second Circuit's opinions in *Kreisler* and *Calcano* are helpful in distinguishing between plausible and implausible assertions of an intent to return to a particular location to establish standing under the ADA. In *Kreisler*, the Court held that the plaintiff, who was in a wheelchair and could not access the defendant's diner due to a step at the front entrance, had sufficiently pled facts that established a plausible intention to return to the diner. *Kreisler*, 731 F.3d at 188. The plaintiff had asserted that he was a frequent customer of other diners in the neighborhood, passed by the diner three to four times per week, lived within several blocks of the diner, and intended to frequent the diner if it became accessible. *Id.* at 186, 188. Similarly, the plaintiffs in *Calcano*, who were visually-impaired and suing numerous retail stores for failing to sell gift cards

containing Braille, asserted that they lived in close proximity to the defendants' retail stores, had been customers in the past, and would be customers again if the stores were made accessible. *Calcano*, 36 F.4th at 76. However, the Court found their assertions to be conclusory and insufficiently plausible. *Id.*

Unlike the *Kreisler* plaintiff who asserted specific and individualized facts, the *Calcano* plaintiffs made assertions that lacked "*any* detail" about their past and future visits to the defendants' stores and instead "parrot[ed] the court's language in *Kreisler*." *Id.* The *Calcano* plaintiffs did not state with specificity how close they actually lived to the defendants' stores, only stating that they resided "in close proximity." *Id.* By contrast, the *Kreisler* plaintiff specifically identified that he lived within several blocks of the defendant's diner and passed by it three to four times per week. *Kreisler*, 731 F.3d at 186, 188. Vaguely asserting that one lives in close proximity to a defendant's business and intends to be a customer in the future is not enough; the plaintiff's assertions must be accompanied by specific and individualized details. *See Calcano*, 36 F.4th at 76–77.[4]

Gannon's assertions in the instant case are even less detailed and more conclusory than those in the *Calcano* case. Gannon suggests that he has been deterred from visiting the property, stating that he "will continue to suffer discrimination" and faces "a realistic, credible, existing and continuing threat of discrimination." Doc. 1 ¶¶ 61, 70. But unlike the *Kreisler* plaintiff, Gannon does not refer to any specific facts to support his assertion. He does not assert that he frequents other bakeshops in the neighborhood, for example. Nor does he explain why he wanted to access the property in the first place or why he would want to access it in the future. Even the plaintiffs in *Calcano*—who the Court determined did not have standing—asserted an intent to purchase items from the

---

[4] Although *Calcano* concerns an alleged ADA violation due to inaccessible products, district courts have applied *Calcano*'s reasoning to ADA claims that—like Gannon's claims—involve alleged structural inaccessibility. *See, e.g.*, *Keung v. Allen Convenience Corporation et al.*, No. 22 Civ. 7129 (VEC), ECF Doc. 9 (S.D.N.Y. November 2, 2022); *Hennessy by and through Hennessy v. Poetica Coffee Inc.*, No. 21 Civ. 5063 (KAM) (RML), 2022 WL 4095557 (E.D.N.Y. Sept. 7, 2022).

6

defendants' retail stores once the alleged ADA violations were remedied. *Calcano*, 36 F.4th at 76. Gannon does imply that he may want to patronize Party Bus at some point in the future, but that he "does not know when." Doc. 32 at 9. Such "some day intentions" are insufficient to establish an injury absent a description of concrete plans. *See Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992)) (internal quotation marks omitted).

Gannon likewise does not provide sufficient evidence that he resides in close proximity to the property, merely asserting that he lives in the same county, i.e., the island of Manhattan. Doc 1 ¶ 4; *see Hennessey by and through Hennessy v. Poetica Coffee Inc.*, No. 21 Civ. 5063 (KAM), 2022 WL 4095557, at *3 (E.D.N.Y. Sept. 7, 2022) (explaining that residing in the same county as the defendant's property is insufficient to establish a plausible intent to return). Simply put, Gannon's complaint fails to supply any details to support an inference that he intended to return to the property. Gannon can therefore not establish standing. *See Calcano*, 36 F.4th at 76–77.

Furthermore, cookie-cutter complaints provide evidence of an insufficiently pled complaint, and Gannon's complaint seems to be a "cut-and-paste and fill-in-the-blank pleading[]" similar to that admonished in *Calcano*. *Id.* at 77. Gannon has filed twenty-six cases, including this one, in this District since January 14, 2022, each filed by the same attorney. Doc. 30-1. The complaint in the instant case contains general and conclusory assertions that are almost identical to the language in the other twenty-five cases filed by Gannon and his attorney. *Compare* Doc. 1 ¶¶ 54–76, *with Gannon v. 115 Les Realty LLC et al.*, No. 22 Civ. 700 (PGG) (RWL), ECF Doc. 1 ¶¶ 56–78, *Gannon v. 37 Essex Street Corp. et al.*, No. 22 Civ. 771 (LJL), ECF Doc. 1 ¶¶ 50–72, *and Gannon v. 162 E. Broadway LLC et al.*, No. 22 Civ. 699 (LGS) (RWL), ECF Doc. 7 ¶¶ 52–74.

Article III does not grant a "freewheeling power to hold defendants accountable for legal infractions." *Harty*, 28 F.4th at 443 (quoting *TransUnion*, 141 S. Ct. at 2205). Rather, it only "grants federal courts the power to redress harms that defendants cause

7

plaintiffs." *Id.* (quoting *TransUnion*, 141 S. Ct. at 2205).  It is not enough that Gannon might have sufficiently alleged that the property's entranceway violates the ADA.  *Id.* at 444 (quoting *TransUnion*, 141 S. Ct. at 2205).  Gannon fails to show how he was concretely and particularly injured by the alleged violation.  Accordingly, Gannon has not established standing, and Essex Street's motion to dismiss for lack of subject matter jurisdiction is granted.

The Court will, however, grant Gannon leave to amend his complaint.  Courts are instructed to "freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Second Circuit has instructed courts not to dismiss a complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shabazz v. Bezio*, 511 F. App'x 28, 31 (2d Cir. 2013) (quoting *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009)) (internal quotation marks omitted).  In *Lorely Financing*, the Second Circuit reaffirmed the "liberal spirit" of Rule 15 and counseled strongly against the dismissal of claims with prejudice prior to "the benefit of a ruling" that highlights "the precise defects" of those claims.  *Lorely Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190–91 (2d Cir. 2015) (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011) (per curium)).

Here, because this is the Court's first opportunity to highlight the precise defects of Gannon's pleading and it is not yet apparent that another opportunity to amend would be futile, the Court will permit him to replead the dismissed claims.

### IV.   CONCLUSION

For the foregoing reasons, Essex Street's motion to dismiss is GRANTED. Gannon is granted leave to file an amended complaint, if at all, by February 17, 2023.

Failure to do so will result in the dismissal of the claims against Essex Street.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 29.

It is SO ORDERED.

Dated:    January 17, 2023
              New York, New York

                                                                            _____
                                                                            EDGARDO RAMOS, U.S.D.J.

9